IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FREDRICK L. GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 20-4066 |
| ) | |
| MITCHELL LEE, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

Before the Court is Fredrick L. Gay's ("Petitioner") Petition for Writ of Habeas Corpus under 29 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, Petitioner's § 2241 Petition is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner has been a pre-trial detainee in the Rock Island County Jail since August 12, 2019.[1] On November 16, 2019, Petitioner was involved in an interaction with a guard that resulted in Petitioner receiving thirty days of segregation and commissary denial. Petitioner argues that Correctional Officer Jacob Ward assaulted him, and that the correctional institution attempted to hide the assault by pursuing disciplinary action against him. Petitioner argues that the Disciplinary Board did not appropriately credit his testimony and that his hearing was not handled appropriately or fairly. He requested that the finding of guilt from his disciplinary proceeding be overturned, that the officers involved be fired, that he be financially compensated for the unfair treatment, that the sanctions imposed be overturned, and that his state criminal charges be dismissed.

---

[1] The facts from the Background section are derived from the Petition and Response. ECF Nos. 1, 5.

Respondent argues that on November 16, 2019, Petitioner violated the rules by bringing his mat to the dayroom and refusing orders from Officer Ward. Respondent explains that Officer Ward tried to direct Petitioner away from the other inmates on the block to attempt to gain control of the situation. Petitioner resisted and pushed Officer Ward into a corner. Respondent argues that the two men continued to struggle, and detainees surrounded them and attempted to remove Ward's taser. Respondent continued that Petitioner had a disciplinary hearing and was imposed thirty days in segregation. Petitioner appealed the decision using the jail kiosk system and Respondent asserts that he received responses regarding that appeal on numerous occasions. Respondent explains that Petitioner's appeal was denied based on the video evidence. Respondent submitted a copy of the video and documents regarding Respondent's numerous communications with Petitioner regarding his appeal and discipline. ECF No. 5-3.

On March 20, 2020, Petitioner filed this instant § 2241 Petition. ECF No. 1. On May 29, 2020, the Court ordered Respondent to respond to Petitioner's due process violation claims and dismissed without prejudice any argument Petitioner brought forth regarding excessive force. ECF No. 2. On June 19, 2020, Respondent filed their response. ECF No. 5. Petitioner had until July 10, 2020, to file a reply, but failed to do so. This Opinion follows.

## ANALYSIS

Federal courts have jurisdiction to entertain habeas corpus petitions "only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Habeas corpus is not a permissible route for challenging conditions of confinement when "there isn't even an indirect effect on duration of punishment." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011).

As to the Petitioner's claims related to the lack of due process from his disciplinary procedures, it is not clear from the Petition that it would have a direct or indirect impact on his confinement. Petitioner makes no argument that he would be eligible for pretrial release if not for the disciplinary procedure. He has also already completed his term of segregation. Moreover, Respondent argues that the jail appropriately addressed Petitioner's appeal, which was denied based on the video evidence. Respondent provided a copy of the video of the incident which confirms Respondent's characterization that Petitioner forcefully pushed the officer into the corner. Accordingly, Petitioner's argument related to due process violations at his disciplinary hearings are denied.

To the extent that Petitioner makes a claim related to his ongoing state criminal case, the *Younger* abstention doctrine prohibits this Court from interfering with an ongoing state proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). Abstention is especially important in ongoing state court criminal proceedings because states have a strong "interest in administering their criminal justice systems free from federal interference." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

Abstention under the *Younger* doctrine "ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts." *Forty One News, Inc. v. Cnty of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). "[I]f a person is believed to have violated a state law, the state has instituted a criminal disciplinary or other enforcement proceeding against him, and he has a federal defense, he

3

cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." *Id.* (quoting *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004)).

That is precisely what Petitioner is attempting to do in the instant case. While there are some limited bad faith exceptions to this doctrine, the Respondent provided a video to demonstrate that Petitioner cannot reach the high standard to demonstrate bad faith, and Petitioner has also not presented a pressing relief for immediate relief. *See FreeEats*, 502 F.3d at 597. Respondent was also not responsible for filing state criminal charges against Petitioner, providing another reason to deny this claim.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus under 29 U.S.C. § 2241 [1] is DENIED. This case is now TERMINATED. The Clerk is DIRECTED to close this case.

ENTERED this 27th day of July, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge